Lane, C. J.
A preliminary question is made on a motion to strike out a demise. The title of the plaintiff is traced by a series of deeds through Enos Warner, and on leave of amendment, to *316 avoid objections raised to the conveyance of Warner to him, he counts on a demise of Warner, which the defendant moves to strike out. „
This practice of permitting the plaintiff to count on the demise of any former owner in his chain of title has to some extent prevailed in this state; but has never been sanctioned by our courts; and the authorities cited by the defendant’s counsel show that no title should avail in this suit to work a change in the possession of land, except of one claiming a present subsisting right, saving only the case of a cestui que trust, who is permitted to use for this purpose the name of bis trustee. It is understood the practice of the Circuit Court of the United States in this district is in conformity with this principle.
Several objections are taken to the title of the plaintiff:
1. It is objected that, in the deed from Hine to Warner, section 32, the land in question, is nowhere described, and that no legal title exists in Hine.
The evidence shows the land was granted by patent to certain trustees, and a partition has been had in fact, by which section ' 32 was drawn to Hine. This partition, made many years ago, affecting all the lands in the Ohio Company’s purchase, has been generally regarded as the starting point to which titles to all the land in that purchase must be traced, and on which they all depend.
2. It is objected that the deed from Warner to Sleeper is attested by one witness only, and acknowledged before a master commissioner in chancery.
The law of New York, where this deed was made, lies before us, and shows that form of attestation is valid to convey.
It is further objected to this deed that the lot described in *it, [316 is No. 16, and that lot No. 32 is not mentioned, and therefore does not pass.
It is admitted thát the number of the lot is mistaken. Where the description of an estate contains a number of particulars, each of which is necessary to ascertain the estate to bo conveyed, the estate must correspond in character with each. But if sufficient be shown to ascertain the estate intended to be conveyed, the land may pass by the deed, although some of the particulars are false. 4 Mass. 205. And where the description alludes to facts beyond the deed, parol evidence may be offered, not to contradict the de *317 scriptjon, but to locate the deed upon the land. 4 Ohio, 453. In this deed we find it assumes to convey 960 acres, part of the share of Hine, lying in one of the two specified counties, to be taken from the largest lot. An original share in the Ohio Company’s purchase consists of a section of 640 acres, a frational section of 240 acres, a quarter section of 160, a ten acre lot, a two acre lot, and a city lot. In this case the section was No. 32; the fractional section was No. 16. It was an evident error of the number of the section, for there is not land enough in the share to satisfy the grant, unless the section 32 be included. It is a plain mistake, and we find no difficulty in discovering a description certain enough, neglecting the mistaken number.
3. In the deed from Sleeper to Wood and Peterson, the description is said to be too general.
If it were shown that Sleeper, at the date of this deed, had three tracts of land in Athens county, corresponding in quantity, and no other land to which the description could apply, we believe it would pass by these general terms. But as the land is described by no marks, except by its locality, it plainly would operate on no land, beyond the limits of Athens county. At the date of this deed, the county of Hocking had been erected, and the land lay within it. There is room to suspect a mistake, but a mistake which must be corrected in equity; for there are no terms in the description, which enables a court of law to identify the land.
Judgment for the defendant.'