## RES JUDICATA IN DIVORCE PROCEEDINGS.

Common Pleas Court of Logan County.

NORA MULLEN v. CHARLES J. MULLEN.

Decided, May, 1911.

*Divorce and Alimony—Doctrine of Res Adjudicata as Applied to Proceedings in—Estoppel Created Against a New Action, When—Binding Character of a Judgment of Dismissal—Section 11986.*

1. The doctrine of *res adjudicata* applies to divorce proceedings in Ohio.
2. Where a petition for divorce has been dismissed upon a hearing on the merits, in a case where the court had jurisdiction of the person and of the subject-matter, such order and judgment of dismissal is a bar to future proceedings in a new action in any court as to all grounds for divorce alleged in the petition so dismissed, or that were known to the plaintiff to exist at the time of the filing of such petition.

*M. R. Brown,* for plaintiff.
*W. Z. Roll,* contra.

BRODRICK, J.

On the 27th day of January, 1911, the plaintiff filed in this court her petition for divorce and alimony against the defendant, charging gross neglect of duty in failing to provide for her and their child, and extreme cruelty on numerous occasions, all of which culminated in plaintiff being compelled to leave the defendant in November, 1909, and praying for a divorce and for privilege of visiting their child.

On May 8th, 1911, defendant filed his answer to said petition in which he says "that this cause was on March 17, 1910, adjudicated by the Court of Common Pleas of Warren County, Ohio, on practically the same grounds alleged in said petition." Attached to said answer is a copy of the petition and final entry in the case referred to.

The petition was filed in the Court of Common Pleas of Warren County, Ohio, December 11th, 1909, and charging the defendant with extreme cruelty, substantially in the manner charged in

the petition herein, and with ordering her to leave their home, and that she thereupon left the defendant, and that she was without means of support, and praying for alimony, divorce and the custody of their child. The court heard the case on March 17th, 1910, and rendered the following judgment, viz.:

"This cause came on to be heard on the petition. On consideration whereof, the court finds that the plaintiff is not entitled to a divorce, and her petition is therefore dismissed. And further that the costs of this suit be paid by the defendant, Charles Mullen, and said Charles Mullen be given the custody of the child, Edward Mullen, except in the summer months, when the child may stay with its grandmother, Mrs. Belts, if she so desires, and said Nora Mullen shall have privilege of seeing the child, Edward, at any reasonable time. Court reserving the right to change the decree with reference to the child at any time. Further, that the injunction heretofore granted in this case and afterward modified, is dissolved."

The question presented to the court is whether the decree of the Court of Common Pleas of Warren County, Ohio, is a bar to the present action.

There can be no question that that court had full and complete jurisdiction of both parties and of the subject-matter of the proceedings had therein. Both the parties were residents of Warren county, Ohio, were married in that county, and the cause of action complained of arose in that county, so that under the statutes of this state the court had all the jurisdictional rights that the statutes confer upon any court in proceedings of this nature. There was a full and complete hearing on the merits of the case, and the court made a final order dismissing the plaintiff's petition, and if the plea of former adjudication can be made in divorce proceedings, it would certainly be a bar to further prosecution on the matters heard and determined in the former hearing.

The doctrine of *res adjudicata* as laid down by the Supreme Court of Massachusetts in the case of *Foster* v. *Busteed*, 100 Mass., 409, on page 412, seems to be so clear and comprehensive as to merit attention as a full and complete definition of that term, and is as follows:

"There is no essential difference between the effect of a decree in equity and of a common law judgment, in this respect.

A bill regularly dismissed upon the merits, where the matter has been passed upon and the dismissal is not without prejudice, is a bar to future proceedings, either in equity or at law. And under similar circumstances a judgment at law is a bar to future proceedings in equity. The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, can not afterwards be litigated by new proceedings either before the same or any other tribunal."

In the case of *Miller* v. *Miller*, 150 Mass., 111, the court say:

"By a decree of the probate court, in force at the time of the hearing in this case, it was adjudged that the libellee was living apart from her husband for justifiable cause. The court had jurisdiction of the case, and of the parties, and the decree has the same binding effect as if it were made by any other court of competent jurisdiction."

In the case of *Thurston* v. *Thurston*, 99 Mass., 39, the syllabus of the case is as follows:

"If a decree dismissing a libel for divorce for the desertion of the libellee does not set forth that the dismissal is without prejudice, it is a bar to a subsequent libel of the same libellant, for a divorce from the bonds of matrimony for a desertion of the same libellee which began not less than five years before the filing of the former libel."

In the case of *Lewis* v. *Lewis*, 106 Mass., 309, the opinion of the court is as follows:

"The fact of adultery by the wife, of which the husband offered evidence at the trial, has once been litigated between these parties and adjudged against him. He brought a libel for divorce from the bond of matrimony, against his wife, alleging the same act of adultery; and the court after a full hearing dismissed the libel, on the ground that the adultery was not proved. This judgment is conclusive evidence in favor of the wife, and estops the husband from afterwards litigating the same issue."

In the case of *Bradley* v. *Bradley*, a Massachusetts decision, reported in the 35 N. E., 482, the first point in the syllabus is as follows:

"The record of a divorce suit, containing the entry, 'libel dismissed,' without the addition of the words, 'without prejudice,' is a bar to another divorce suit based on the same grounds."

In the case of *Brown* v. *Brown,* 37 N. H., 536 (75 Am. Dec., 154), the following extracts are taken from the opinion of the court:

"The only question raised in this case is whether the undoubted principle of the law, that a judgment rendered between the same parties, for the same cause of action, upon a trial of the merits, before a court of competent jurisdiction, is conclusive between them, applies to the case of a decree rendered in a proceeding for divorce.

"This point does not seem to us open to any doubt. The jurisdiction in cases of divorce *a vinculo matrimonii* is unknown to the common law, is conferred on the court by statute, and is exercised in modes unknown to the common law; still, the principle that a matter once decided by a competent tribunal binds the parties conclusively applies equally as to cases at common law. The operation of the rule is in no way limited by the character of the tribunal or its course of proceeding. * * *

"A secondary question may arise, which is, whether a decree that a libel for divorce be dismissed is conclusive against the maintenance of any other libel for the same cause, and the answer to this question must depend upon the point whether such a decree, according to our practice, is necessarily a decree upon the merits. There are here usually no pleadings in the case even of contested libels. If objections are made to the libel itself, they are usually taken advantage of by a motion to dismiss the libel. So if the libellant is negligent in prosecuting his suit, the remedy is by a motion to dismiss for want of prosecution. Such motions are usually shown by the record; and where it appeared that the libel was dismissed without a final hearing upon the merits, upon such motion the decree of dismissal would have the effect of a judgment upon a motion to quash, or on a plea in abatement, or on a motion for a non-suit, and would have no effect beyond the pending suit. * * *

"In the present case, it sufficiently appears that the first libel was decided upon its merits, and dismissed for defect of proof. The former decree is therefore a bar to this libel, which is therefore dismissed."

I am unable to find the question involved in this case to have been decided in the courts of our own state, but there are several

decisions on questions arising in analogous cases, and which fairly indicate what the decision of our Supreme Court would be upon the present proposition.

In the case of *Petersine* v. *Thomas*, 28 Ohio St., 596, the syllabus is as follows:

"1.   When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case.

"2.   After a suit for divorce and alimony has been finally determined by the court granting the divorce, and in lieu of alimony confirming an executed agreement as to the amount paid as alimony, a new action for additional alimony can not be maintained when the reasons for such additional allowance existed or might have been provided for in such final judgment, and when it is not sought to impeach such final judgment."

In the opinion of the court on page 600, the following language is used:

"The doctrine of estoppel applies to cases of this class.   In *Fischli* v. *Fischli*, 1 Blackf., 360, which was a second action to adjust the question of alimony between the parties, it was held: 'Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever.   And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case.'   This principle is of general application.   The repose of society, in some degree, depends upon its proper application and enforcement.

"This rule will not affect any right secured to a party by law in matters of set-off, counter-claim, or cross-action.   All matters of action and defense coming properly within the scope of the suit or action, will be put at rest by the final determination of the action or suit, unless excepted by some provision of law.   27 Ohio St., 233."

See also 7 Ohio R., 125; 10 Ohio St., 316; 50 Ohio St., 196; and 15 C. C. R., 284.

In the case of *Shoemaker* v. *City of Cincinnati*, 68 Ohio St., 603, the court say, on page 612:

"It is a principle of universal application that a cause of action once finally determined between parties by a competent tri-

bunal can not afterward be litigated between the parties or their privies by a new proceeding. It is the principle of *res adjudicata*. It rests not only on the private rights of the parties, but is a principle of public policy, having been characterized as a fundamental concept in the organization of civil society.''

The statute, Section 11986, General Code, provides as follows:

''If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations in the petition, the court shall hear and determine the cause. On the hearing, if any of the causes for divorce charged in the petition be proved to the satisfaction of the court, it may pronounce the marriage contract dissolved and both parties released from its obligations.''

It is mandatory in this statute, that the court ''shall hear and determine the cause.'' According to Bouvier, the word ''determine'' means ''to come to an end, to bring to an end.'' Citing 2 Bla. Com., 121, and Washb. R. P., 380.

While it is mandatory on the court to hear and determine the cause, it is discretionary with the court whether it grants the relief prayed for or not. In this it is not different from the hearing of any other case, whether equitable or statutory.

Neither can the plaintiff urge that other causes of action are stated in the present petition than stated in her former petition, for she was bound, in law, to state all, or as many, causes of action in her former petition as were known to her to exist at the time of filing her petition, failing in which she would be as effectually barred from asserting them in a new petition as though they were actually incorporated into such former petition, for a party can not split up several causes of action and try them piece-meal, but is bound to set forth in her petition all such causes of action known to her to exist at the time of the commencement of the action.

There is no more reason why a judgment of dismissal in a divorce proceeding, on the merits of the case, should not be as binding as in any other cause or proceeding. Indeed if there is any difference it ought to be in favor of a more rigid adherence to the rule in divorce cases than in other cases, for in divorce cases the venue of the action can be laid in any county where the plaintiff

*bona fide* resides, or where the cause of action arose, while in other cases it must be in the county where the defendant resides.

Take the circumstances of the present case as a fair illustration of the principle involved. These parties were married in Lebanon, Warren county, Ohio; they lived in that county during their entire married life; they separated in that county, there the plaintiff sued for a divorce, there all the witnesses lived, and there they submitted themselves to a court that would very likely know the parties, or at least such of the witnesses and the attendant circumstances that might be testified to, as would afford him a better opportunity to arrive at a just conclusion as to the merits of the case. Upon a full hearing of all the evidence, the court failed to find that the charges made by the plaintiff against the defendant were sustained, and dismissed her petition. Still more than this, he found from the evidence that the defendant was the more suitable of the two to have the custody of the child and awarded him to the father.

For some unaccountable reason the plaintiff hied herself to this city, leaving her home county on December 27th, arriving in this city on December 28th, and filing this petition on January 27th following. Having put more than one hundred miles between herself and her husband—a poor laboring man, with himself and child to provide for—and, according to the testimony of the plaintiff herself, receiving twenty-two dollars per month and paying out of this ten dollars per month for the board and care of his child, and clothing him in addition, out of the balance of his own wages, she opens up a warfare against him by first making an application for alimony pending the suit and later compelling him to appear with counsel to defend this action for divorce, in a strange city and among strangers, while she could profit by being in her adopted home, with such friends as she had been able to make during her sojourn in the city.

What a travesty on justice it would be to hold that the plaintiff might travel from county to county and from city to city, and as fast as one court would dismiss her petition she might, in thirty days, gain a new residence and begin over again.

There are no exceptions in the divorce statutes granting any more privileges than in any other statute, or in fact any other.

case whether at law or in equity, and any and every general principle of estoppel or bar that would inure to the benefit of a defendant in any case in our courts would also inure to his benefit in a divorce case where such a principle of general application would apply to such other case or proceeding.

I am therefore of opinion that the answer of the defendant is a complete bar to the prosecution of plaintiff's petition in this court. The petition will therefore be dismissed at the costs of the plaintiff. Judgment against plaintiff for costs. Exceptions and notice of appeal by plaintiff.