WEISS, APPELLEE, *v.* PORTERFIELD, TAX COMMR., APPELLANT.

(No. 70-733—Decided July 7, 1971.)

*Messrs. Morrow, Gordon & Byrd,* and *Mr. E. Clark Morrow,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. David S. Bloomfield* and *Mr. James M. Guthrie,* for appellant.

LEACH, J. Appellant contends that R. C. 5739.33 should be read as making all officers of a corporation personally liable for failure of the corporation to file returns and pay sales taxes, regardless of whether the officer had any control or supervision of or was charged with the responsibility of filing returns and making payments.

In approaching this problem, we must consider R. C. 5739.30, 5739.31 and 5739.33 in *pari materia* to determine the intention of the General Assembly as to personal liability of corporate officers for unpaid sales tax assessments.

Appellant submits that R. C. 5739.33 must, and does, include *all* corporate officers within its purview because of the comma appearing after the word ''officers'' in the statute. R. C. 5739.33 reads as follows:

''If any corporation required to file returns and to remit tax due to the state under the provisions of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure * * * .''

Appellant argues that the comma after the word ''officers'' indicates a legislative intent that the words ''having control or supervision of or charged with the responsibility of filing returns'' modify only the word ''employees'' and have no application to ''officers.'' For further support, appellant points out similar language in R. C. 5739.31(B) which reads:

''* * * If a corporation's license has been revoked or suspended, none of its officers, or employees having control or supervision of or charged with the responsibility of

filing returns and making payments of tax due, shall obtain a license * * * during the period of such revocation or suspension."

Appellant's argument might be well taken if we looked no further, but R. C. 5739.30 is the "keystone" statute which sets the initial requirements for filing of corporate sales tax returns and penalties for failure to file. R. C. 5739.31 and 5739.33 are statutes which are merely ancillary to R. C. 5739.30. These two ancillary statutes only require the extension of personal liability to certain individuals in the event a corporation does not file returns and pay its sales tax assessments. In looking closely at R. C. 5739.30, it provides in part that:

"(A) No person, *including any officer of a corporation or employee of a corporation having control or supervision of or charged with the responsibility of filing returns,* shall fail to file any return * * *." (Emphasis added.)

In R. C. 5739.30 there is no comma appearing after the word "officer." Such punctuation (or lack thereof) makes this statute applicable only to those officers who are responsible for or supervise the filing and payment of corporate sales tax returns. Reading these three statutes in *pari materia,* we are confronted with a glaring inconsistency in punctuation. The literal interpretation of this inconsistency would not lead to a uniform application of these statutes. R. C. 5739.30 would be applicable to only a specific group of corporate officers while R. C. 5739.31 and 5739.33 would be applicable to all corporate officers.

Paragraph one of the syllabus of *McNally* v. *Evatt* (1946), 146 Ohio St. 443, states that:

"A statute which authorizes the levying of a tax will be construed strictly against the taxing authority. The intention to tax must be clearly expressed, and any doubt as to such intention will be resolved in favor of the taxpayer."

Since there is a conflict between the language of these three statutes and R. C. 5739.30 is of main import, we conclude that the General Assembly intended to include with-

in R. C. 5739.33 only that group of corporate officers who had specific connections with the preparation, filing and payment of corporate sales tax returns.

While not decisive, this conclusion is buttressed by the fact that an agency of the General Assembly itself, the Legislative Service Commission, similarly interpreted the provisions of the legislation here under consideration.*

The placement of a comma is not necessarily indicative of legislative intent. As stated in 50 American Jurisprudence 249, Section 253:

"In the interpretation of statutes, the punctuation thereof is not seriously regarded. It is a minor, and not a decisive or controlling, element in the interpretation of a statute. Indeed, punctuation is generally regarded as a fallible standard of the meaning of a statute, and the last resort as an aid in its interpretation. Where the true meaning of the legislature is manifest, the courts will not permit punctuation to control, but will disregard the punctuation of a statute or repunctuate, if need be, to give effect to what otherwise appears to be its true meaning."

The above principle of construction was applied as to the placement of a comma in *Albright* v. *Payne* (1885), 43 Ohio St. 8, paragraphs one and two of the syllabus reading:

"1. In construing a statute, punctuation may aid, but

---

*Legislative Service Commission Summary of 1967 Enactments, page 118:

"Am. Sub. S. B. 319—Messrs. Carney-Johnson—Designates vendors trustees for the state of Ohio for the collection of sales tax from the consumer; specifies that *officers* or *employees* of corporations *who are responsible or in control of filing tax returns for the corporation* are covered by the present requirements for filing tax returns; prohibits *such* officers or employees of a corporation which has had its vendor's license revoked or suspended from obtaining a license during the period of revocation or suspension; provides that *such* officers or employees are personally liable for the failure of the corporation to file the required returns or make payments for any reason; provides that a dissolution of the corporation does not discharge *such* officer or employee's liability for a prior failure of the corporation to file a return or remit taxes * * *." (Emphasis added.)

does not control unless other means fail; and in rendering the meaning of a statute, punctuation may be changed or disregarded.

"2. In Section 4207 of the Revised Statutes, that provides for impounding animals running at large, the word *forthwith,* in its meaning and force, is not separated by the comma from the words that follow it; and the meaning is as though written—forthwith giving notice thereof."

For the application of this general principle of statutory construction see *Pancoast* v. *Ruffin* (1824), 1 Ohio 381; *Price* v. *Price* (1859), 10 Ohio St. 316; *Hamilton* v. *The Steamship* (1866), 16 Ohio St. 428; *Shriedley* v. *State* (1872), 23 Ohio St. 130; *Allen* v. *Russell* (1883), 39 Ohio St. 336; and *Trustees* v. *White* (1891), 48 Ohio St. 577.

Thus, we conclude that the personal liability of officers of a corporation for failure of the corporation to file returns or pay Ohio sales taxes, provided by R. C. 5739.33, is limited to those officers who have control or supervision of or are charged with the responsibility of filing returns and making payments.

In this case, the Board of Tax Appeals found as a matter of fact that appellee's duties, as an officer of the corporation, were in no way connected with the preparation or filing and payment of Ohio sales taxes. This finding of fact is not disputed by the appellant.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.