KIHM ET AL., APPELLEES, *v.*
LINDLEY, TAX COMMR., APPELLANT.

(No. 81-980—Decided May 19, 1982.)

*Messrs. Graydon, Head & Ritchey* and *Mr. Anthony G. Covatta,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* The sole issue presented herein is whether the Board of Tax Appeals erred in its determination that appellees are not personally liable for the unremitted sales tax.

Appellant argues that appellees are liable for the unremitted taxes because they "possessed the requisite degree of control or supervision over the employees who filed returns and made payments so as to render them personally liable." The gist of appellant's argument appears to be that liability attaches under R. C. 5739.33 simply because a person is a corporate officer or director and, thus, ultimately has the power to supervise corporate employees. The Board of Tax Appeals rejected this argument and, we find, properly so.

The record herein is devoid of any evidence that appellees were directly responsible for the preparation or filing of returns or the making of payments. Similarly, there is no evidence that appellees, at any time, actually filed such returns or made such payments.

In *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117, we held that "[t]he personal liability of officers of a corporation for failure of the corporation to file returns or pay the Ohio sales tax * * * is limited to those officers who have control or supervision of or are charged with the responsibility of filing returns and making payments." The mere fact that a person is an officer of a corporation is not sufficient, in and of itself, to impose personal liability for unpaid sales taxes pursuant to R. C. 5739.33.

As in *Weiss,* the Board of Tax Appeals found that there was no evidence that appellees were charged with the responsibility of, or had control or supervision over, or had any connection with, filing returns and making tax payments. Rather, the general manager, bookkeeper and accountant were entrusted with the day-to-day financial responsibilities pertaining to the corporation. Under the facts of this case, we are neither inclined to disturb nor do we find any basis for disturbing the decision of the Board of Tax Appeals.

For the foregoing reasons, the decision of the Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

W. BROWN, Acting C. J., REILLY, MOYER, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.

MOYER, J., of the Tenth Appellate District, sitting for SWEENEY, J.