HILE ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Hile *v.* Limbach (1989), 44 Ohio St. 3d 197.]

(No. 88-254—Submitted May 31, 1989—Decided August 9, 1989.)

198

*Kentris & Wolph* and *George L. Kentris,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* Initially, we note that appellants' notice of appeal merely states that the BTA's decision "is against the weight of the evidence and contrary to law." This does not appear to satisfy the terms of R.C. 5717.04 that an appellant to this court must "* * * set forth the decision of the board appealed from and *the errors therein complained of.*" (Emphasis added.) *Lawson Milk Co.* v. *Bowers* (1961), 171 Ohio St. 418, 14 O.O. 2d 217, 171 N.E. 2d 495; *Richter Transfer Co.* v. *Bowers* (1962), 174 Ohio St. 113, 21 O.O. 2d 369, 186 N.E. 2d 832. However, the commissioner does not assert that the notice of appeal was insufficient. We will, thus, consider the merits of the case.

During the audit periods, R.C. 5739.33 provided:

"If any corporation required to file

returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. * * * The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code." (132 Ohio Laws, Part I, 2029.)

In *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117, 56 O.O. 2d 65, 271 N.E. 2d 792, this court held that the personal liability of a corporate officer for failure to file returns or to pay Ohio sales taxes is limited to those officers who have control or supervision of or are charged with the responsibility of filing returns and making payments. The court further held that an officer who is in no way connected with the preparation or filing and payment of Ohio sales taxes is not liable. Appellants here argue that neither officer ran the daily affairs of the corporation. They assert that Hile only presided over meetings of the board of directors and Uncapher presided only twice at such meetings in Hile's absence. Both appellants claim that the general manager and the comptroller, not appellants, were responsible for filing returns and making payments.

The commissioner responds that appellants had sufficient control by retaining check-countersigning authority and that their positions as officers required them to control the business affairs of the corporation. According to the commissioner, appellants are liable because they should have supervised the filing of returns and the paying of the sales taxes, even if they did not.

Since *Weiss,* we have held that a president is not necessarily liable because of his title. In *Kihm* v. *Lindley* (1982), 70 Ohio St. 2d 76, 24 O.O. 3d 149, 434 N.E. 2d 1354, Joseph H. Kihm was president of a general contracting firm which had contracted to remodel the assessed corporation, a restaurant. When the restaurant defaulted on payments due Kihm's corporation for the remodelling work, Kihm and others acquired all the restaurant's stock to operate it and, eventually, to obtain payment. Kihm served as president of the restaurant. However, Kihm did not personally operate the restaurant. Instead, a general manager, bookkeeper, and accountant were hired for that purpose. Kihm did not receive a salary, dividend distribution, or other benefit from the restaurant. On these facts, the BTA found that the general manager, not Kihm, was responsible for paying the restaurant's sales tax assessment, and we affirmed. Furthermore, according to the BTA, Kihm had, on occasion, exercised check-writing authority. *Kihm* v. *Lindley* (May 29, 1981), BTA No. 80-A-164, at 9-10.

Under the facts in the instant case, neither appellant exercised sufficient control or supervision over the filing of returns and the making of payments to be liable for the sales tax assessments. Blanchard's by-laws (Code of Regulations) provided that the president was to preside at all meetings of the shareholders and the board of directors, sign all official documents, and execute on behalf of the corporation any or all contracts or other papers to which the signature of the corporation was to be attached. He was also authorized to perform other duties incident to the office of president. But he did not, and was not expected to, operate Blanchard's daily affairs. Furthermore, the vice-president, under the by-laws, possessed all the powers of the president and was to perform all

the duties of the president only in the president's absence or disability.

Hile operated as a chairman of the board. Under *Kihm,* Hile is not liable. Uncapher presided at two board meetings in Hile's absence. Uncapher, thus, exercised even less supervision and control over the corporation than did Hile.

Accordingly, since the BTA's decision is unreasonable, it is hereby reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.