KUBICKI, OFFICER OF VENTURA ENTERPRISES, INC., APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Kubicki v. Limbach* (1991), 62 Ohio St.3d 320.]

(No. 90–2501—Submitted October 11, 1991—Decided December 31, 1991.)

*Hunter & Schank Co., L.P.A.,* and *James M. Perlman,* for appellant.

*Lee I. Fisher,* Attorney General, and *Duane M. White,* for appellee.

---

*Per Curiam.* Appellant contends that it is necessary for a corporate officer to exercise actual financial control in order to be held liable under R.C. 5739.33. We disagree.

During the assessment period, R.C. 5739.33 stated that if any corporation required to file sales tax returns and remit sales tax failed to do so " * * * any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. * * * "[1] Am.Sub.H.B. No. 319, 132 Ohio Laws, Part I, 2029. The Tax Commissioner found that appellant was a responsible officer. Appellant disputed this and presented evidence to the BTA. However, the BTA affirmed the commissioner and found appellant liable, based upon *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 559 N.E.2d 449.

In reviewing an appeal from a decision of the BTA we do not weigh the evidence. Instead, we decide whether the decision of the BTA was unreason-

---

[1]. The limiting phrase concerning control, supervision or responsibility has been held to apply to officers as well as employees. *Weiss v. Porterfield* (1971), 27 Ohio St.2d 117, 56 O.O.2d 65, 271 N.E.2d 792.

able or unlawful. The facts presented in the record indicate that the BTA decision was reasonable and lawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.