**CITY OF WARREN, Appellee,**

v.

**SANFREY, Appellant.**

[Cite as *Warren v. Sanfrey* (1992), 78 Ohio App.3d 457.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4552.

Decided March 2, 1992.

*Stanley Elkins*, City Prosecutor, for appellee.

*Jeffrey D. Adler* and *Avetis G. Darvanan*, for appellant.

WILLIAM R. HENDRICKSON, Judge.

This is an accelerated calendar case.

Appellant, Eugene Sanfrey, appeals from a judgment of the Warren Municipal Court finding appellant guilty of failure to pay taxes, a violation of Warren Codified Ordinance 171.12. The following facts are relevant to this court's inquiry:

In December 1986, Metro One Dodge of Warren, Inc., a car dealership, was formed as a corporation operating in Warren, Ohio. Ownership interests in the corporation were divided among four shareholders, including appellant,

who was named as the corporate president and general manager. Business initially went well for Metro One Dodge, but in December 1989, the corporation was in financial trouble, and went out of business later that month.[1]

During the existence of the corporation, the company failed to file city income tax returns for the years of 1988 and 1989, and failed to pay employee withholding taxes for the fourth quarter of 1989. Warren eventually filed criminal charges against appellant for violations of Warren Codified Ordinance 171.12(a)(1) and (a)(4).

A bench trial was conducted on March 22, 1991.

At trial, appellant testified that on December 6, 1989, a meeting was held by the directors of the corporation, at which he was asked to resign as president and general manager of the corporation. He said the attorney for the corporation, who was also the attorney for Dr. Albert Butch, a director, drafted the letter of resignation, which he signed in the presence of the attorney. According to appellant, when he resigned, he relinquished all authority and control with respect to the corporation, and did not return to the dealership after December 6, 1989, but Metro One Dodge remained in business another week.

The only other corporate officer to testify was Butch. Butch testified that he did not attend the meeting of the directors on December 6, 1989, and that he had not seen appellant's alleged resignation. Moreover, he indicated that he was not aware of any meeting on that date. Butch stated further that appellant's resignation as president was not accepted as it was the intention of the corporate officers that appellant only step down as general manager because a prospective buyer of the corporation did not want appellant managing the dealership. However, no sale ever took place. Finally, Butch testified that he believed appellant continued to retain his status as president until the corporate termination in December 1990—noting that appellant's actions after December 6, 1989 were consistent with his actions as president prior to that date, i.e., he did nothing before that date and he did nothing afterward.

Butch admitted that appellant had no authority after December 6, 1989 and that the business did not close until a week later. He also said Dan Gill became general manager after appellant resigned.

Appellant agreed that he had no authority after December 6, 1989. He said that while he was president and general manager, city income tax was

---

1. While the record does not contain an exact date in which the corporation dissolved and ceased to exist, the testimony presented at trial clearly indicates that Metro One Dodge closed its doors in late December 1989, and that as of December 1990, the corporation was dissolved and its affairs were "wound up."

withheld from the wages of employees and that the money withheld for the fourth quarter of 1989 was in the possession of the company when he left. He further stated that he left the books and records with the business, all of which is uncontroverted.

The trial court found appellant guilty of all charges and, with respect to the failure to pay withholding taxes for the fourth quarter of 1989, appellant was ordered to pay a fine of $100 and costs, and sentenced to ten days in jail. The jail sentence was suspended provided appellant make restitution to Warren in the sum of $1,627.32 within ninety days.

Appellant timely appeals, raising one assignment of error, which is as follows:

"The trial court erred by finding that the defendant-appellant was personally liable for failure to file certain corporate tax returns when such person was no longer an officer of that corporation."

Appellant contends that since he tendered his resignation as an officer of the corporation on December 6, 1989, he is not personally liable for the failure during the fourth quarter of 1989 to withhold the tax from his employees or to remit the tax to the city treasurer.

The real issue is whether the evidence presented is sufficient to support a finding that appellant is personally liable for the failure to remit the taxes to Warren under the circumstances. In *Oblonsky v. Limbach* (Sept. 30, 1987), Trumbull App. No. 3729, unreported, 1987 WL 18025, this court dealt with a similar situation involving the payment of state sales taxes pursuant to R.C. 5739.33. In so doing, this court set forth the test under Ohio law for determining personal liability of corporate officers in this regard.

In *Weiss v. Porterfield* (1971), 27 Ohio St.2d 117, 56 O.O.2d 65, 271 N.E.2d 792, the court held that the personal liability of corporate officers " * * * was limited to those officers who have control or supervision or are charged with the responsibility of filing returns and making payments." *Id.* at 121, 56 O.O.2d at 68, 271 N.E.2d at 794.

In *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 116, 15 O.O.3d 152, 155–156, 399 N.E.2d 1222, 1226, the court expanded the class of officers who could be held liable by holding that an officer who had responsibility for making and filing tax returns was one who had knowledge of the corporation's statutory duty to periodically remit sales tax proceeds to the state and, additionally, possessed corporate check-signing authority.

In *Kihm v. Lindley* (1982), 70 Ohio St.2d 76, 24 O.O.3d 149, 434 N.E.2d 1354, the court held that "the mere fact that a person is an officer of a corporation is not sufficient, in and of itself, to impose personal liability for

unpaid sales taxes * * *." *Id.* at 78, 24 O.O.3d at 150, 434 N.E.2d at 1356. There must be evidence the officer was charged with the responsibility of, or had control or supervision over, or had any connection with, filing tax returns and making payments. *Id.* at 77, 24 O.O.3d at 149–150, 434 N.E.2d at 1355.

Although the foregoing authority pertains to the liability of corporate officers regarding state law, the cases cited are directly analogous to the present case.

Here, there was no evidence presented at trial demonstrating that appellant was charged with the responsibility of, or had control or supervision over, or had any connection with the filing of tax returns and making tax payments. Furthermore, it is clear that appellant had no authority to do anything after he resigned.

Thus, there is a distinction between this case and *Kubicki v. Limbach* (1991), 62 Ohio St.3d 320, 581 N.E.2d 1358, in which the Supreme Court found Kubicki, as the vice-president, personally liable for sales tax assessments against the corporation, on the basis that he had the authority to exercise control or supervision over the filing of the return and the payment of the taxes. While appellant testified that there were withholdings made during his tenure with Metro One Dodge, there is insufficient evidence on which to find appellant was a corporate officer to whom personal liability attached. *Oblonsky, supra.*

Accordingly, appellant's sole assignment of error is with merit, and the judgment of the trial court is reversed with respect to the finding that appellant was guilty of failing to pay withholding taxes for the fourth quarter of 1989.

*Judgment reversed.*

CHRISTLEY, P.J., and CACIOPPO, J., concur.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, and MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.