OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


DeLassus, Appellant, v. Tracy, Tax Commr., Appellee.
[Cite as DeLassus v. Tracy (1994),        Ohio St.3d     .]
Taxation -- Sales tax -- Twenty-five percent shareholder, as
president, member of board of directors and a substantial
creditor, personally liable for sales tax assessments when he
has control or supervision of filing tax returns and making tax
payments.
      (No. 93-759 -- Submitted April 14, 1994 -- Decided
September 14, 1994.)
      Appeal from the Board of Tax Appeals, No. 91-M-904.
      Sundorph Aeronautical Corporation failed to pay Ohio sales
taxes during the periods of January through April 1983,
February through May 1984, July and August 1984 and October
1984 through February 1985.  During that period and until the
fall of 1987, John DeLassus was President of Sundorph.  He also
owned twenty-five percent of the shares of stock of the
corporation, was a member of the board of directors, and was a
subtantial creditor, having advanced money for Sundorph's use.
      On June 28, 1991 the Tax Commissioner assessed DeLassus
$56,265.74 for personal liability for the unpaid sales taxes,
as a responsible corporate officer of Sundorph, under R.C.
5739.33.  DeLassus appealed to the Board of Tax Appeals ("BTA")
and testified as the only witness at an evidentiary hearing.
The BTA affirmed the assessment.
      The cause is now before this court upon an appeal as of
right.

      Kenneth P. Frankel, for appellant.
      Lee Fisher, Attorney General, and Duane M. White,
Assistant Attorney General, for appellee.

      Per Curiam.  DeLassus challenges the assessment and the
decision of the BTA by asserting that (1) he was not the
responsible officer of Sundorph,  (2) he had no discretion with
regard to the payment of obligations of Sundorph, including
sales tax, and (3) he was not responsible because the BTA had
determined in an earlier personal liability action involving
Donald Evans, successor president of Sundorph, that Robert

Bennett was the responsible officer under R.C. 5739.33. We reject appellant's contentions.

As we said in Spithogianis v. Limbach (1990), 53 Ohio St.3d 55, 57, 559 N.E. 2d 449, 451:

"The General Assembly intended through the enactment of R.C. 5739.33, to hold those officers or employees who are in charge of the operations of a defaulting corporation personally liable for unpaid sales tax if such person filed returns or paid taxes, or controlled or supervised others who performed those tasks, or had responsibility for such tasks."

Under the facts of this appeal DeLassus is within the purview of that statute.

His most compelling argument is that he was required to obtain the permission of Robert Bennett for payment of any corporate obligation by check. Also, DeLassus, relying on Smith v. Limbach (1992), 64 Ohio St.3d 473, 597 N.E.2d 94, says that the bare title of president, and nothing else, does not make him liable under the statute.

However, this appeal involves more than a bare title. The record discloses that DeLassus did sign Ohio Sales Tax Returns as well as checks prepared for him by another Sundorph employee. The fact that Bennett may have reserved the right to decide which checks should be paid does not negate that apparent authority.

As to Evans' release from liability and the BTA's earlier finding that Bennett was a responsibile officer of Sundorph, the obligations of R.C. 5739.33 do not create mutually exclusive responsibilities; the broad scope of the statutory language encompasses more than one officer or employee, and contemplates personal liability for those who prepare tax returns, or make tax payment, or supervise those who do. Spithiogianis, supra, at 57, 559 N.E.2d at 451.

In Willis v. Lindley (1980), 61 Ohio St.2d 356, 15 O.O.3d 438, 402 N.E.2d 1185, we upheld the personal liability of a corporate officer under R.C. 5739.33 where his corporation had borrowed money from a bank which prohibited payment of any bills other than those authorized by the bank. Cf. Lenart v. Lindley (1980), 61 Ohio St.2d 110, 15 O.O. 3d 152, 399 N.E.2d 1222.

The BTA found that DeLassus was the president and a shareholder of Sundorph, made financial contributions requested of shareholders, was aware of the corporation's statutory duty to pay sales tax, and supervised persons preparing sales tax returns and signed returns as well as checks in payment of corporate debts; and found that he "has the requisite responsibilities, by virtue of his ownership, title and authority in Sundorph * * *." Thus, the BTA decided that DeLassus was personally liable for unpaid sales taxes under R.C. 5739.33 as "having control or supervision of or charged with the responsibility of filing returns and making payments."

Since the decision of the BTA was neither unreasonable nor unlawful, it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.