WILLIS, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Willis v. Lindley (1980), 61 Ohio St. 2d 356.]

(No. 79-1138—Decided March 26, 1980.)

Mr. *Duane Willis,* pro se.

Mr. *William J. Brown,* attorney general, and *Ms. Barbara E. Lapworth,* for appellant.

*Per Curiam.* R. C. 5717.04 provides for appellate review by this court of a decision of the Board of Tax Appeals. That section provides, in pertinent part: "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

The applicable statute to our determination, R. C. 5739.33, provides: "If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, *any of its officers or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure.* The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code." (Emphasis added.)

This court has construed R. C. 5739.33, holding that: "The personal liability of officers of a corporation for failure of the corporation to file returns or pay the Ohio sales tax, provided for by R. C. 5739.33, is limited to those officers who have control or supervision of or are charged with the responsibility of

filing returns and making payments." *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117.

Applying R. C. 5739.33 to the facts of this case, as found by the board, we conclude that Willis is personally liable for the unpaid sales tax of Opticron, Inc. Willis was the officer who had control or supervision over the filing of the sales tax returns and payment of that tax. The loan arrangement with the bank does not alter Willis' liability under the language of R. C. 5739.33.

Thus, we are of the opinion that the decision of the board was unreasonable and unlawful. Accordingly, that decision must be reversed and Willis held personally liable for the sales tax assessment as determined by the Tax Commissioner.

*Decision reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissenting.   I must dissent from the majority herein because, in my opinion, the record clearly shows that the element of control over the payment, or nonpayment, of the sales tax in this business was not vested in appellee Willis. The funds for the payment of the obligations of this company, inclusive of the sales tax, were deposited in the Union Commerce Bank in a cash collateral account. Here the bank had made the determination of which creditors to pay, which determination excluded the sales tax due.

It is my position that, absent a showing that the appellee had designed such an arrangement to avoid payment of the sales tax, or that he had some continuing control as to which creditors were in fact paid from these funds held by the bank, the individual taxpayer should not be held responsible pursuant to R. C. 5739.33.