PARKINSON ET AL., OFFICERS OF HEATH PALLET COMPANY, APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Parkinson *v.* Limbach (1990), 49 Ohio St. 3d 163.]

(No. 88-1162 — Submitted February 13, 1990 — Decided March 7, 1990.)

*Squire, Sanders & Dempsey* and *Ted B. Clevenger,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* R.C. 5739.33, as applicable, reads:

"If any corporation required to * * * remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such * * * payment, any of its officers * * * charged with the responsibility of * * * making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's * * * liability for a prior failure of the corporation to * * * remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

Under this statute, a corporation's failure to remit sales tax due to the state creates personal liability in the responsible corporate officers to make such payments and that liability may be collected by an assessment against the officers.

The statute is specific and unambiguous.

R.C. 5739.03 provides:

"* * * [E]ach vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *."

R.C. 5739.29 states:

"No vendor shall fail to collect the full and exact tax as required by sections 5739.01 to 5739.31, inclusive * * *."

R.C. 5739.13, as applicable, concludes the applicable scheme of taxation and liability, as follows: "If any vendor collects the tax imposed * * * and fails to remit the same to the state

164

* * *, he shall be personally liable for any amount collected which he failed to remit. * * *

"If any vendor fails to collect the tax * * * on any transaction subject to the tax, such vendor * * * shall be personally liable for the amount of the tax * * *."

These statutes describe the nature and extent of sales tax which is *due* to the state. Included within the scope of tax *due* is tax which has been collected, as well as the liability of the vendor to pay the tax even though it has not been collected. The vendor is clearly charged with personal responsibility to collect all applicable taxes and his or her failure results in personal liability for the tax, the sum of which can be assessed against the vendor under R.C. 5739.13. As previously stated, R.C. 5739.33 authorizes a shifting of tax liability to responsible corporate officers. The parties have stipulated that the vendor in this case is a corporation and that appellants are responsible officers of the corporation.

Appellants' reliance on their definition of "remit" is fruitless in the context of its use in these tax statutes. It is true that one of the definitions found in Webster's New International Dictionary (2 Ed. 1956) 2107, is "4. [t]o send back * * *," but that construction is pointless in construing the term in the applicable statute. The reference in R.C. 5739.33 is to "remit tax due to the state." The more acceptable definition from Webster's, *supra,* is:

"9. * * * [t]o transmit or send * * *

in payment of a demand, account, draft, * * *."

More significant is the definition of "due." Webster's defines it as: "1. [o]wed or owing as a debt." *Id.* at 796.

Black's Law Dictionary (5 Ed. 1979) 448, is in accord:

"Just; proper; regular; lawful; sufficient; reasonable, as in the phrases 'due care,' 'due process of law,' 'due notice.'

"Owing; payable; justly owed. That which one contracts to pay or perform to another; that which law or justice requires to be paid or done."

Finally, the word "collected," referenced in R.C. 5739.99(E) relative to the penalty for failure to remit to the state the tax collected, is not used in R.C. 5739.33 as a qualifier of the corporation's responsibility to remit tax due to the state. This court will give effect to the words used in a statute and will not insert words not used. *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28, 53 O.O. 2d 13, 15, 263 N.E. 2d 249, 251.

It follows that appellants are liable for all tax due to the state, not merely the tax collected. *Rowland* v. *Collins* (1976), 48 Ohio St. 2d 311, 2 O.O. 3d 450, 358 N.E. 2d 582.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.