SPITHOGIANIS, OFFICER OF RAINS INTERNATIONAL, LTD., APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Spithogianis *v.* Limbach (1990), 53 Ohio St. 3d 55.]

(No. 88-1929—Submitted February 15, 1990—Decided August 8, 1990.)

*Robert L. Eberhart Co., L.P.A.,* and *Robert L. Eberhart,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barton A. Hubbard,* for appellant.

*Per Curiam.* This appeal presents a question of personal liability of a corporate officer for unpaid corporate sales tax.

The BTA found that since the responsibility for filing sales tax returns and making payments was delegated to others throughout the audit period and since appellee did not control or supervise the employees charged with these responsibilities, he was not personally liable for unpaid corporate sales tax. That decision is unreasonable and unlawful and we reverse.

During the audit period, R.C. 5739.33 read as follows:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit taxes due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

R.C. 5739.33 imposes personal liability on officers or employees when a sales tax assessment against a corporation remains unpaid. *Parkinson* v. *Limbach* (1990), 49 Ohio St. 3d 163, 551 N.E. 2d 200. That obligation is qualified, however. The person assessed must have control or supervision or be charged with the responsibility of filing returns and making payment of sales tax. *Hile* v. *Limbach* (1989), 44 Ohio St. 3d 197, 199, 542 N.E. 2d 651, 653; *Kihm* v. *Lindley* (1982), 70 Ohio St. 2d 76, 24 O.O. 3d 149, 434 N.E. 2d 1354; see *Willis* v. *Lindley* (1980), 61 Ohio St. 2d 356, 15 O.O. 3d 438, 402 N.E. 2d 1185.

The facts presented in this appeal

indicate that Nick J. Spithogianis had the authority, as principal shareholder, president and co-chairman of Rains International, to exercise control or supervision over tax return and tax payment activities. The evidence also shows that he had delegated that responsibility to other corporate employees or representatives; and likewise, that he had delegated the supervision and control over day-to-day operations of Rains International to John Bernard.

Appellee had given his facsimile signature stamp to employees and other officers of the corporation. The evidence is unclear as to whether he had written any checks or signed any returns, but some checks and some returns bear his signature. In terms of management of corporate affairs, he spent one or two days per month at corporate headquarters directing the affairs of the corporation and, in addition, was kept advised once or twice a month on the financial affairs of the corporation. He engaged an accountant to "make sure that no one really stole money from the company," and he hired the consultant who directed corporate affairs on a day-to-day basis.

He also exercised his authority by firing that consultant. In addition, he hired and fired other officers and accountants. He was paid a salary of $101,000 per year, was one of the original incorporators, and, until the bankruptcy of the corporation, owned eighty percent of its stock.

The General Assembly intended, through the enactment of R.C. 5739.33, to hold those officers or employees who were in charge of the operations of a defaulting corporation personally liable for unpaid sales tax if such persons filed returns or paid taxes, or controlled or supervised others who performed those tasks, or had responsibility for such tasks. R.C. 5739.33 does not permit responsible officers or employees to escape liability by delegating those duties to others.

The BTA erred in failing to find that appellee was the responsible corporate officer and that the Tax Commissioner's assessment was proper.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.