McGlothin, Officer of Springdale, Inc., Appellee, *v.*
Limbach, Tax Commr., Appellant.

[Cite as McGlothin v. Limbach (1991), 57 Ohio St. 3d 72.]

(No. 90-357—Submitted October 25, 1990—Decided January 23, 1991.)

*Ronald G. Logan,* for appellee.

*Lee I. Fisher,* attorney general, and *Barton A. Hubbard,* for appellant.

*Per Curiam.* R.C. 5739.33 imposes personal liability on corporate officers who have control or supervision of, or are charged with the responsibility of, filing returns and making payments of sales tax due the state of Ohio.

The BTA found that appellee was not a responsible corporate officer and was not subject to the statute. Based upon the facts before the BTA, that conclusion is unreasonable and the decision of the BTA is reversed.

This court will not overrule findings of fact of the BTA that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus. In the instant case, the decision of the BTA is

not based upon sufficient probative evidence.

Our recent decision in *Spithogianis* v. *Limbach* (1990), 53 Ohio St. 3d 55, 559 N.E. 2d 449, is dispositive of this appeal. In that case the corporate officer had the authority to control or supervise the tax return and tax payment activities of the corporation. He was also the principal shareholder of the corporation and, while he did not conduct the corporate affairs on a day-to-day basis, he had delegated the operational, and tax return and tax payment responsibilities, to other corporate employees. As we observed in *Spithogianis, supra,* at 57, 559 N.E. 2d at 451:

"The General Assembly intended, through the enactment of R.C. 5739. 33, to hold those officers or employees who were in charge of the operations of a defaulting corporation personally liable for unpaid sales tax if such persons filed returns or paid taxes, or controlled or supervised others who performed those tasks, or had responsibility for such tasks. R.C. 5739.33 does not permit responsible officers or employees to escape liability by delegating those duties to others."

The decision of the BTA, being unreasonable and unlawful, is reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.