RITTER, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Ritter v. Limbach* (1992), 62 Ohio St.3d 421.]

(No. 90–2468—Submitted October 31, 1991—Decided February 5, 1992.)

Carlile, Patchen & Murphy and Robert J. Kosydar, for appellant.

Lee I. Fisher, Attorney General, Richard C. Farrin and M. Linda Weigand, for appellee.

---

Per Curiam. R.C. 5739.33 provided during the audit period: "If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. * * *"

Appellant argues that although he was chairman of the board and president of the parent, and the owner of all the shares of stock of the parent, which wholly owned the subsidiary, he was not a responsible officer of the subsidiary. He contends that the language of R.C. 1701.64(A) which provides, "[t]he officers of a corporation shall consist of a president, a secretary, a treasurer, and, if desired, a chairman of the board * * *," does not make appellant an officer of the subsidiary, because he was never so designated.

A line-by-line analysis of R.C. 5739.33 and a corresponding review of the facts establish otherwise:

(1) "If any corporation required to file returns and to remit tax due to the state * * *" (the subsidiary, a corporation, was required to file sales tax returns and remit taxes due),

(2) " * * * fails for any reason to make such filing or payment * * * " (the subsidiary failed to timely file sixty-five sales tax returns and no taxes were remitted),

(3) " * * * any of its officers * * * having control or supervision of * * * filing returns and making payments" (appellant, chairman of the board, owned all the shares of the parent which wholly owned the subsidiary and there is no evidence that anyone else had any control over or supervision of filing sales tax returns or making tax payments),

(4) " * * * shall be personally liable for such failure * * * " ("such failure" being the failure to timely file sales tax returns and remit taxes due). See *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 559 N.E.2d 449.

Under this analysis, the decision of the BTA was neither unreasonable nor unlawful and is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.