DeLassus, Appellant, v. Tracy, Tax Commr., Appellee.

[Cite as *DeLassus v. Tracy* (1994), 70 Ohio St.3d 218.]

(No. 93–759—Submitted April 14, 1994—Decided September 14, 1994.)

*Kenneth P. Frankel,* for appellant.

*Lee Fisher,* Attorney General, and *Duane M. White,* Assistant Attorney General, for appellee.

---

*Per Curiam.* DeLassus challenges the assessment and the decision of the BTA by asserting that (1) he was not the responsible officer of Sundorph, (2) he had no discretion with regard to the payment of obligations of Sundorph, including sales tax, and (3) he was not responsible because the BTA had determined in an earlier personal liability action involving Donald Evans, successor president of Sundorph, that Robert Bennett was the responsible officer under R.C. 5739.33. We reject appellant's contentions.

As we said in *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 57, 559 N.E.2d 449, 451:

"The General Assembly intended through the enactment of R.C. 5739.33, to hold those officers or employees who are in charge of the operations of a

defaulting corporation personally liable for unpaid sales tax if such person filed returns or paid taxes, or controlled or supervised others who performed those tasks, or had responsibility for such tasks."

Under the facts of this appeal DeLassus is within the purview of that statute.

His most compelling argument is that he was required to obtain the permission of Robert Bennett for payment of any corporate obligation by check. Also, DeLassus, relying on *Smith v. Limbach* (1992), 64 Ohio St.3d 473, 597 N.E.2d 94, says that the bare title of president, and nothing else, does not make him liable under the statute.

However, this appeal involves more than a bare title. The record discloses that DeLassus did sign Ohio Sales Tax Returns as well as checks prepared for him by another Sundorph employee. The fact that Bennett may have reserved the right to decide which checks should be paid does not negate that apparent authority.

As to Evans' release from liability and the BTA's earlier finding that Bennett was a responsible officer of Sundorph, the obligations of R.C. 5739.33 do not create mutually exclusive responsibilities; the broad scope of the statutory language encompasses more than one officer or employee, and contemplates personal liability for those who prepare tax returns, or make tax payment, or supervise those who do. *Spithogianis, supra,* 53 Ohio St.3d at 57, 559 N.E.2d at 451.

In *Willis v. Lindley* (1980), 61 Ohio St.2d 356, 15 O.O.3d 438, 402 N.E.2d 1185, we upheld the personal liability of a corporate officer under R.C. 5739.33 where his corporation had borrowed money from a bank which prohibited payment of any bills other than those authorized by the bank. Cf. *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 15 O.O.3d 152, 399 N.E.2d 1222.

The BTA found that DeLassus was the president and a shareholder of Sundorph, made financial contributions requested of shareholders, was aware of the corporation's statutory duty to pay sales tax, and supervised persons preparing sales tax returns and signed returns as well as checks in payment of corporate debts; and found that he "has the requisite responsibilities, by virtue of his ownership, title and authority in Sundorph * * * ." Thus, the BTA decided that DeLassus was personally liable for unpaid sales taxes under R.C. 5739.33 as "having control or supervision of or charged with the responsibility of filing returns and making payments."

Since the decision of the BTA was neither unreasonable nor unlawful, it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.