KERN ET AL., D.B.A. CANTERBURY CARE CENTERS MANAGEMENT COMPANY, APPELLANTS, *v.* TRACY, TAX COMMR., APPELLEE.

HEALTH ENTERPRISES OF AMERICA, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Kern v. Tracy* (1995), 72 Ohio St.3d 347.]

(Nos. 94–788 and 94–789—Submitted December 9, 1994—Decided June 28, 1995.)

*Geoffrey E. Webster* and *Norman J. Frankowski II,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Thelma Thomas Price,* Assistant Attorney General, for appellee.

---

*Per Curiam.* The following issues are presented: (1) Did the BTA err in ruling that appellants had failed to establish the various claimed exemptions? (2) Was the issue of exemption under R.C. 5739.02(B)(14) for the sale of ships or vessels used or to be used principally in interstate commerce properly before this

court, in light of the fact that the issue was not included in appellants' notices of appeal to the BTA or to this court? (3) Was the commissioner's refusal to remit the statutory penalties an abuse of discretion?

As to the first issue, the BTA rejected appellants' claims because of failure to sustain their burden of proof. The BTA found that the two witnesses who testified about these purchases had no personal knowledge on how appellants used the purchases. Because of this lack in establishing the facts of usage it ruled that appellants had not overcome the presumption of taxability. R.C. 5739.02.

In *Federated Dept. Stores, Inc. v. Lindley* (1983), 5 Ohio St.3d 213, at 215, 5 OBR 455, at 457, 450 N.E.2d 687, at 688, we said:

"[W]hen an assessment is contested, the taxpayer has the burden ' * * * to show in what manner and to what extent * * * ' the commissioner's investigation and audit and the findings and assessments based thereon, were faulty and incorrect."

"The Tax Commissioner's findings are presumptively valid, absent a demonstration that those findings are clearly unreasonable or unlawful." *Hatchadorian v. Lindley* (1986), 21 Ohio St.3d 66, 21 OBR 365, 488 N.E.2d 145, syllabus.

We agree with the BTA that appellants made no such demonstration. Neither of the witnesses, an accountant, who resided in Texas, and a long-term-care consultant, who had not visited the nursing homes, had viewed the purchases or offered any testimony on how the homes actually used the purchases. Their testimony did not overcome the presumption of taxability attaching to these purchases.

Next, as to the R.C. 5739.02(B)(14) exemption claim, appellants' notices of appeal to the BTA did not mention this issue. The failure to assert this claim of error in the notice of appeal is fatal.

"On an appeal from an order of the Tax Commissioner to the Board of Tax Appeals, Section 5611, General Code (Section 5717.02, Revised Code), requires that the notice of appeal shall *specify* the errors complained of; a notice of appeal which does not enumerate in definite and specific terms the precise errors claimed * * * is insufficient to meet the demands of the statute * * *." (Emphasis *sic.*) *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310, syllabus.

Moreover, we said, "The statute requires in plain language that the errors complained of be specified. The word, 'specify,' according to Black's Law Dictionary (4 Ed.) means 'to mention specifically; to state in full and explicit terms * * *.' " *Id.* at 583, 53 O.O. at 432, 120 N.E.2d at 312–313.

Also, appellants contend that the commissioner erred in refusing to remit the statutory penalty. The commissioner's exercise of discretionary powers must be sustained unless an abuse of that discretion is established.

In *Jennings & Churella Constr. Co. v. Lindley* (1984), 10 Ohio St.3d 67, at 70, 10 OBR 357, at 359, 461 N.E.2d 897, at 900, we said:

"R.C. 5739.13 mandates the imposition of a penalty in the event of an assessment. Remission of the penalty is discretionary. * * *

"Appellate review of this discretionary power is limited to a determination of whether an *abuse* has occurred. * * *" (Emphasis *sic.*) See, also, *Frankelite Co. v. Lindley* (1986), 28 Ohio St.3d 29, 31–32, 28 OBR 90, 92, 502 N.E.2d 213, 215.

The appellants presented no evidence to establish an abuse of discretion. Accordingly, we must affirm the BTA's decision.

Finally, the parties agree that the BTA erred by listing certain items assessed in each case as part of its decision in the other case. The decisions of the BTA are reversed only in regard to these clerical errors, and the causes are remanded to the BTA for their correction.

*Decisions affirmed in part,*
*reversed in part*
*and causes remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.