SKURATOWICZ, OFFICER OF MONEX CORPORATION, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Skuratowicz v. Tracy* (1997), 80 Ohio St.3d 52.]

(No. 96–2751—Submitted July 22, 1997—Decided October 8, 1997.)

---

*Bailey & Slavin* and *Richard C. Slavin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

---

*Per Curiam.* R.C. 5739.33 imposes personal liability on a responsible corporate officer for a corporation's sales tax. During the audit period in question, it read:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of the corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in a manner provided in section 5739.13 of the Revised Code." (132 Ohio Laws, Part I, 2029.)

Skuratowicz argues that the corporate policy, directing the employees to collect the sales tax or obtain the customer's signature on an exemption certificate, shields Skuratowicz from liability. The commissioner replies that Skuratowicz is exactly the type of person R.C. 5739.33 renders liable for the corporation's sales tax. The commissioner is correct.

In *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 559 N.E.2d 449, Spithogianis, the president of the taxpayer corporation, had authority to oversee the operations of the corporation. He spent only one or two days per month doing this, so he hired a consultant to direct the corporation's daily operations. Spithogianis also authorized the consultant to approve all corporate checks. Spithogianis participated in some of the corporation's operations but generally delegated responsibility for filing sales tax returns and paying the tax to other corporate employees. The BTA found that Spithogianis was not liable because he delegated the tax collection and remission duties to others throughout the audit period.

We, however, reversed the BTA's decision and held Spithogianis liable for the corporate assessment. We said, 53 Ohio St.3d at 57, 559 N.E.2d at 451:

"The General Assembly intended, through the enactment of R.C. 5739.33, to hold those officers or employees who are in charge of the operations of the defaulting corporation personally liable for unpaid sales tax, if such persons filed returns or paid taxes, or controlled or supervised those others who performed those tasks, or had responsibility to such tasks. R.C. 5739.33 does not permit responsible officers or employees to escape liability by delegating those duties to others." Accord *McGlothin v. Limbach* (1991), 57 Ohio St.3d 72, 565 N.E.2d 1276.

Skuratowicz had the duty to see that Monex's employees collected the correct amount of sales tax from Monex's customers and remitted the correct amount to the state. Since he failed in his duty, R.C. 5739.33 renders him personally responsible for Monex's tax liability.

Skuratowicz also argues that the BTA denied him due process. He claims the BTA did not permit him to challenge the underlying corporate assessment. Skuratowicz, however, did not list in his notice of appeal to the BTA that he planned to challenge the underlying assessment.

Under R.C. 5717.02, a taxpayer must specify error in the notice of appeal to the BTA for the BTA to have jurisdiction over the error. *Kern v. Tracy* (1995), 72 Ohio St.3d 347, 650 N.E.2d 428. Thus, the BTA had no jurisdiction to consider the challenge to the underlying assessment. Hence, the BTA could not deny Skuratowicz due process for a claim that Skuratowicz did not ask the BTA to process.

Finally, Skuratowicz claims error over the uncertain amount of his assessment. The amount is uncertain because the Monex assessment had been reduced on appeal by the corporation (BTA No. 87–H–976). The BTA correctly resolved the dilemma over how much Skuratowicz should pay when, in this case, it ordered the commissioner to change Skuratowicz's assessment amount to the reduced underlying assessment amount of the corporation.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.