[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 52.]

SKURATOWICZ, OFFICER OF MONEX CORPORATION, APPELLANT, *v*. TRACY,

TAX COMMR., APPELLEE.

[Cite as *Skuratowicz v. Tracy*, 1997-Ohio-358.]

*Taxation—Sales tax—President and majority shareholder of corporation personally liable for sales tax assessments, when—R.C. 5739.33, applied.*

(No. 96-2751—Submitted July 22, 1997—Decided October 8, 1997.)

APPEAL from the Board of Tax Appeals, No. 94-T-1510.

_____

{¶ 1} John S. Skuratowicz, appellant, was the president and majority shareholder of Monex Corporation. Monex purchased and operated the Graceland Coin & Stamp store in Columbus. The store bought and sold precious metals, collectibles, and stamps.

{¶ 2} As president of Monex, Skuratowicz hired, trained, and evaluated store employees. Skuratowicz, who spent much of his time away from the store at coin shows, managed the store under a policy, established by a former co-principal of Monex, that the store clerks were responsible for obtaining exemption certificates on purchases or collecting sales tax. Evidently, the store clerks, who were high-school distributive education students, did not execute this policy acceptably. Consequently, the Tax Commissioner, appellee, issued a sales tax assessment against Monex for $310,267.19, plus penalty, for the audit period of January 1983 through June 1986.

{¶ 3} Monex's business failed and it was dissolved. The commissioner, nevertheless, issued an assessment against Skuratowicz as a responsible corporate officer of Monex. According to the testimony, Skuratowicz performed the accounting operations for Monex, including preparing and signing sales tax returns.

During the audit period, he was the only individual holding check-signing authority.

{¶ 4} On appeal, the Board of Tax Appeals ("BTA") found:

"* * * As president, Mr. Skuratowicz had authority over the general business operations, as well as over Monex's employees. He had the authority to hire and fire employees, and he participated in the training of the employees. Further, he engaged in the periodic review of employee performance. Regardless of the role the student-workers had in handling the sales transactions, it is Mr. Skuratowicz who had the responsibility for seeing that Monex's sales tax obligations were satisfied."

{¶ 5} The BTA continued:

"* * * He kept the books, and saw that the sales tax forms were prepared and filed. Given our review of Mr. Skuratowicz's entire relationship to Monex and the Graceland store, we find that the record supports a conclusion that Mr. Skuratowicz is among that class of officers who can be held accountable for a corporation's failure to file sales tax returns and/or to remit the tax when due."

{¶ 6} Accordingly, the BTA affirmed the commissioner's order assessing Skuratowicz for the liability of the Graceland store, as reduced by the commissioner's prior recalculation of the underlying corporate assessment.

{¶ 7} The matter is before this court upon an appeal as of right.

_____

*Bailey & Slavin*, and *Richard C. Slavin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 8} R.C. 5739.33 imposes personal liability on a responsible corporate officer for a corporation's sales tax. During the audit period in question, it read:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of the corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in a manner provided in section 5739.13 of the Revised Code." (132 Ohio Laws, Part I, 2029.)

{¶ 9} Skuratowicz argues that the corporate policy, directing the employees to collect the sales tax or obtain the customer's signature on an exemption certificate, shields Skuratowicz from liability. The commissioner replies that Skuratowicz is exactly the type of person R.C. 5739.33 renders liable for the corporation's sales tax. The commissioner is correct.

{¶ 10} In *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 559 N.E.2d 449, Spithogianis, the president of the taxpayer corporation, had authority to oversee the operations of the corporation. He spent only one or two days per month doing this, so he hired a consultant to direct the corporation's daily operations. Spithogianis also authorized the consultant to approve all corporate checks. Spithogianis participated in some of the corporation's operations but generally delegated responsibility for filing sales tax returns and paying the tax to other corporate employees. The BTA found that Spithogianis was not liable because he delegated the tax collection and remission duties to others throughout the audit period.

{¶ 11} We, however, reversed the BTA's decision and held Spithogianis liable for the corporate assessment. We said, 53 Ohio St.3d at 57, 559 N.E.2d at 451:

"The General Assembly intended, through the enactment of R.C. 5739.33, to hold those officers or employees who are in charge of the operations of the defaulting corporation personally liable for unpaid sales tax, if such persons filed returns or paid taxes, or controlled or supervised those others who performed those tasks, or had responsibility to such tasks. R.C. 5739.33 does not permit responsible officers or employees to escape liability by delegating those duties to others." Accord *McGlothin v. Limbach* (1991), 57 Ohio St.3d 72, 565 N.E.2d 1276.

{¶ 12} Skuratowicz had the duty to see that Monex's employees collected the correct amount of sales tax from Monex's customers and remitted the correct amount to the state. Since he failed in his duty, R.C. 5739.33 renders him personally responsible for Monex's tax liability.

{¶ 13} Skuratowicz also argues that the BTA denied him due process. He claims the BTA did not permit him to challenge the underlying corporate assessment. Skuratowicz, however, did not list in his notice of appeal to the BTA that he planned to challenge the underlying assessment.

{¶ 14} Under R.C. 5717.02, a taxpayer must specify error in the notice of appeal to the BTA for the BTA to have jurisdiction over the error. *Kern v. Tracy* (1995), 72 Ohio St.3d 347, 650 N.E.2d 428. Thus, the BTA had no jurisdiction to consider the challenge to the underlying assessment. Hence, the BTA could not deny Skuratowicz due process for a claim that Skuratowicz did not ask the BTA to process.

{¶ 15} Finally, Skuratowicz claims error over the uncertain amount of his assessment. The amount is uncertain because the Monex assessment had been reduced on appeal by the corporation (BTA No. 87-H-976). The BTA correctly resolved the dilemma over how much Skuratowicz should pay when, in this case, it ordered the commissioner to change Skuratowicz's assessment amount to the reduced underlying assessment amount of the corporation.

4

{¶ 16} Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____