This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kenneth Nimon ("Nimon"), appeals the decision of the Ohio Board of Tax Appeals ("BTA") affirming two final determinations of the Tax Commissioner. We affirm.
 I.
Two personal assessments were filed against Nimon pursuant to R.C.5739.33 as a responsible corporate officer for the delinquent sales tax of the Nimon Company[1] for the periods of October 1978 through September 1982 and November 1982 through December 1982. On July 26, 2000, the Commissioner affirmed the assessment nos. 7990604723 and 7990604724 against Nimon in the respective amounts of $6,201.18 and $8,852.23.
Nimon appealed the Commissioner's finding that he was a responsible party to the BTA, which made the following factual findings:
 [a]ppellant presented no evidence or testimony at the hearing before this Board or apparently at the hearing before the Commissioner on his petition for reassessment to establish that the Commissioner's determination that he was a responsible corporate officer was erroneous. In fact, appellant's testimony before this Board served to support the Commissioner's conclusion that he was a responsible officer of Nimon Co. Appellant was the president of Nimon Co. The only other officers were his brother, who worked in the business with him, and his mother, who was retired and living out-of-state and not involved with the business at all. Appellant and his brother were the only individuals who had checking-signing authority for the company, but, practically speaking, only appellant exercised his authority, as he was the only person who signed the company checks or whose stamp was affixed to the checks for issuance in his absence. Appellant also testified that he signed all of the tax returns for Nimon Co., including those for sales, federal and state withholding taxes, clearly demonstrating his awareness of the duty to file taxes.
The BTA affirmed the Commissioner's final determination of the assessments against Nimon. Pursuant to R.C. 5717.04, this appeal followed.
 II. Assignment of Error No. 1: THE BOARD OF TAX APPEALS ERRED IN FINDING THAT APPELLANT, KENNETH A. NIMON, IS A RESPONSIBLE PARTY PERSONALLY LIABLE FOR TAXES DUE FROM NIMON COMPANY.
In his first assignment of error, Nimon challenges the BTA's finding that he was a responsible party personally liable for corporate taxes, pursuant to R.C. 5739.33.
It is well established that the BTA is "vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board." Cardinal Federal Savings LoanAssn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, paragraph three of the syllabus. Furthermore, pursuant to R.C. 5717.04, our review of the BTA's decision is "limited to a determination, based on the record, of the reasonableness and lawfulness of the Board of Tax Appeals' decision." (Citations omitted.) Federated Dept. Stores v.Lindley (1983), 8 Ohio St.3d 35, 38.
R.C. 5739.33 imposes personal liability on certain officers or employees of a corporation which fails to remit sales tax due to the state. During the period in question, the statute provided as follows:
 If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control of supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure.
In enacting R.C. 5739.33, the legislature intended "to hold those officers or employees who were in charge of the operations of a defaulting corporation personally liable for unpaid sales tax if such persons filed returns or paid taxes, or controlled or supervised others who performed those tasks, or had responsibility for such tasks."Spithogianis v. Limbach (1990), 53 Ohio St.3d 55, 57. Indeed, Ohio courts have recognized the broad scope of the statutory language R.C.5739.33 employs in imposing liability on corporate officers or employees. DeLassus v. Tracy (1994), 70 Ohio St.3d 218, 219.
After a careful review of the record, we cannot say that the BTA's decision was unreasonable or unlawful. Nimon failed to present any evidence to establish error with the Commissioner's final determination of the assessments. Furthermore, Nimon's testimony at the BTA hearing demonstrated that he was the person at Nimon Company who had control or supervision over the person charged with the responsibility of filing the tax returns and making the payments. Accordingly, Nimon's first assignment of error is overruled.
 III. Assignment of Error No. 2: APPELLANT, KENNETH A. NIMON, IS NOT LIABLE AS A RESPONSIBLE PARTY FOR ASSESSMENT NUMBER 7990604724 AS AN ASSESSMENT FOR SALES TAX ON A DIRECT PAY ACCOUNT NUMBER 98-001947.
In his second assignment of error, Nimon challenges the BTA's determination that he was a responsible party for Nimon Company's delinquent taxes of the company's direct payment account.
We begin by noting that a taxpayer is required to specify error in his petition for reassessment to the Commissioner, which in turn permits succeeding appellate bodies to have jurisdiction over the error. CNGDev. Co. v. Limbach (1992), 63 Ohio St.3d 28, 32. The record reflects that Nimon failed to raise the argument regarding the company's direct payment account in his petition for review and redetermination to the Commissioner. On further appeal to the BTA, Nimon attempted to challenge the underlying tax liability of Nimon Company with this argument. The BTA found that Nimon failed to raise the argument to the Commissioner and therefore waived the right to raise the error to the board on appeal.
Neither the BTA nor this court has jurisdiction to consider an objection not set forth in Nimon's petition for reassessment to the Commissioner. See Id. Accordingly, Nimon's second assignment of error is overruled.
 IV.
Having overruled Nimon's two assignments of error, we affirm the judgment of the BTA.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing The Board of Tax Appeals, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR.
[1] The record reflects that the Commissioner's assessment of the underlying tax liability against the Nimon Company became conclusive against the Nimon Company prior to the Commissioner's assessment against Nimon as a responsible corporate officer.