[Cite as *Biskind v. Harris*, 2024-Ohio-5067.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Daniel E. Biskind, | : | |
| Appellant-Appellant, | : | No. 23AP-563 (BTA No. 2019-2398) |
| v. | : | and |
| Patricia Harris, Tax Commissioner of Ohio, | : | No. 23AP-564 (BTA No. 2019-2434) |
| | : | |
| Appellee-Appellee. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on October 22, 2024

**On brief:** *Dinsmore & Shohl LLP*, and *Philip A. Zukowsky*, for appellant. **Argued:** *Philip A. Zukowsky*.

**On brief:** *Dave Yost*, Attorney General, and *Christine T. Mesirow*, for appellee. **Argued:** *Christine T. Mesirow*.

APPEALS from the Ohio Board of Tax Appeals

BEATTY BLUNT, J.

{¶ 1}   In these consolidated cases, appellant, Daniel E. Biskind ("Biskind") appeals from the decision and order of the Ohio Board of Tax Appeals ("BTA") dated August 24, 2023 affirming two final determinations of appellee, the Tax Commissioner ("Commissioner") finding that Biskind is a responsible party for tax assessments against Biskind Contract Cleaning LLC ("BCC") for sales tax and employer withholding tax.  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   The Commissioner assessed BCC for sales tax and employer withholding tax. (Aug. 24, 2023 Decision & Order at 1-2.)  Because BCC did not fully satisfy the assessments,

the Commissioner assessed Biskind as a responsible party. Biskind, through counsel, filed a petition for reassessment. Ultimately, the Commissioner affirmed the assessments, one of which was for sales tax and the other for employer withholding tax. In affirming the assessments, the Commissioner found Biskind was president and member of BCC, as consistent with BCC's filings with the Ohio Secretary of State. The Commissioner further found Biskind owned 99 percent of BCC, with the other one percent being owned by a related company which was entirely owned by Biskind. The Commissioner specifically found that, although Biskind sometimes limited his involvement in BCC, he retained ownership and had legal duties based on his positions.

{¶ 3} Biskind appealed the two final determinations of the Commissioner, and the BTA held a hearing where both Biskind and the Commissioner appeared. At the hearing, Biskind conceded he was the 100 percent owner of BCC. He argued, however, that he was not responsible for the company or the unpaid taxes because he was not involved in the day-to-day operations of BCC, and he had delegated those responsibilities to others. Specifically, Biskind testified that Lynda Yanks, a long-time employee, had been given responsibility for the management of BCC. Biskind testified that he made the decision to name Lynda Yanks as CEO in the 1990's because he had moved to New Zealand to operate "a resort and spiritual retreat center." (Statutory Tr. at 44.) Biskind further testified that Lynda Yanks provided year-end financial reports to him so that he could continue to monitor the financial status of the company.

{¶ 4} Biskind testified that the 2008 financial reports indicated that BCC's business was declining. At Lynda Yanks' suggestion, Biskind removed her from the position of CEO and instead named her son, Derek Yanks, as CEO. Lynda Yanks continued to act as the office manager and head the accounting unit.

{¶ 5} Biskind further testified he returned to the United States sometime in 2012 or 2013. He testified that he was dissatisfied with the financial reports he had been receiving and had directed Lynda and Derek to provide better and more regular reports. Apparently, the reporting did not improve as the years went on, and eventually, in about 2015, Biskind retained a forensic accounting firm and business advisor named Robert Hurst. Biskind testified he gave Hurst a financial power of attorney. Hurst advised Biskind that withholding returns had not been filed. Hurst also discovered that Lynda had been

dishonest about the company's bank accounts and Biskind terminated her in 2016. Although Derek continued as CEO at this point, Hurst eventually discovered Yanks' son had maintained a competing cleaning company and had been diverting customers to the competing company. Ultimately Derek was fired. Hurst further discovered that BCC was behind in filing tax returns and paying taxes.

{¶ 6} On August 24, 2023, the BTA issued its decision and order affirming the Commissioner's two final determinations that Biskind is a responsible party for tax assessments against BCC for sales tax and employer withholding tax.

{¶ 7} On September 21, 2023, Biskind timely filed a notice of appeal, which is now before the court.

## II. Assignments of Error

{¶ 8} Biskind asserts the following two assignments of error for our review:

(1) The Ohio Board of Tax Appeals erred in not entering judgment in favor of Appellant holding that he is not a responsible party of Biskind Contract Cleaning for withholding tax and sales tax purposes on the basis of the Tax Commissioner's admission that Appellant "was not involved in the day-to-day operations" of BCC.

(2) The decision by the Ohio Board of Tax Appeals that Appellant is a responsible party of Biskind Contract Cleaning for withholding tax and sales tax purposes is unreasonable and unlawful because those decisions are not supported by the facts and evidence presented.

## III. Law and Analysis

### A. Jurisdiction and Standard of Review

{¶ 9} Section 5717.04 of the Ohio Revised Code confers jurisdiction over appeals from the BTA on this court and further sets forth our standard of review: "If upon hearing and consideration of such record and evidence the court decides that the decision of the board [of tax appeals] appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." R.C. 5717.04. Accordingly, "[w]hen reviewing a BTA decision, we determine whether the decision is reasonable and lawful; if it is both, we must affirm."

*NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, ¶ 13.  A judgment is unreasonable when "there is no sound reasoning process" to support such judgment. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 10} We defer to the BTA's factual findings as long as they are supported by reliable and probative evidence in the record.  *Corex Partners, LLC v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 19AP-322, 2020-Ohio-3865, ¶ 7, citing *Bd. of Edn. of the Westerville City Schools v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, ¶ 26.  Furthermore, the BTA possesses "wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it."  *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, ¶ 9.  Nevertheless, although the BTA is responsible for determining factual issues, this court will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.  *Bd. of Edn. of the Westerville City Schools*, 2016-Ohio-1506 at ¶ 21. Such questions of law are reviewed de novo. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 7; *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 12, 2017-Ohio-2734, ¶ 13.

### B.  Assignment of Error Number One

{¶ 11}   In this assignment of error, Biskind asserts he "was not involved in the day-to-day operations" of BCC and therefore cannot be a "responsible person" personally liable for unpaid sales taxes and withholding taxes of BCC.  We disagree.

{¶ 12} Withholding taxes and sales taxes are both considered "trust fund" taxes, and liability for either or both is reviewed upon the same standard. *Fioretto v. Testa*, BTA No. 2014-1508, 2015 Ohio Tax LEXIS 2799 (June 23, 2015), citing *Dorfman v. Tracy*, BTA No. 1994-A-93, 1995 Ohio Tax LEXIS 244 (Feb. 8, 1995); *Seminew v. Limbach*, BTA No. 1991-Z-177, 1993 Ohio Tax LEXIS 1094 (June 25, 1993); *Duckworth v. Tracy*, BTA No. 1991-M-511, 1992 Ohio Tax LEXIS 1520 (Nov. 25, 1992). "In this regard, the general standard is that in order to be held personally responsible for the liabilities of a delinquent corporation, a person must be responsible for or in charge of the corporation's fiscal duties, or charged with supervision of such duties." *Id.*, citing *Weiss v. Porterfield*, 27 Ohio St.2d 117 (1971); *Lenart v. Lindley*, 61 Ohio St.2d 110, (1980); *Spithogianis v.*

*Limbach*, 53 Ohio St.3d 55 (1990); *McGlothin v. Limbach*, 57 Ohio St.3d 72 (1991); *DeLassus v. Tracy*, 70 Ohio St.3d 218 (1994). "However, *even if an individual does not actually participate in or supervise the corporation's fiscal operations, if his or her position is one that would ordinarily be responsible for such duties, then the officer, owner, or employee may be found to be responsible to the state*." (Emphasis supplied.) *Id.*, citing *Spithogianis, supra*; *McGlothin, supra*; *Granger v. Tracy*, BTA No. 1998-M-242, 1999 Ohio Tax LEXIS 808 (June 11, 1999).

{¶ 13} In support of his argument pertaining to this assignment of error, Biskind relies upon two cases decided by the Supreme Court of Ohio: *Kihm v. Lindley*, 70 Ohio St.2d 76 (1982) and *Hile v. Limbach*, 44 Ohio St.3d 197 (1989). These two cases are of no aid to Biskind. First, contrary to Biskind's characterizations of the cases, neither *Kihm* (decided in 1982) nor *Hile* (decided in 1989) establishes any kind of blanket "holding" that a person cannot be a responsible person if he or she was not involved in the day-to-day operations of the assessed company. Second, both cases are distinguishable factually from the instant case in any event. In both *Kihm* and *Hile*, the officer being assessed as a "responsible person" was either *only* an officer and not an owner at all (as in *Hile*) *or* was an officer and part-owner (as in *Kihm*). In the instant matter, not only is Biskind an "officer" under R.C. 5739.33 and Ohio Adm.Code 5703-9-49(A)[1], but he is also the *sole owner*. Indeed, Biskind conceded at the hearing he is the 100 percent owner of BCC.

{¶ 14} Furthermore, as set forth above, cases decided after *Kihm* and *Hile* have been clear that "even if an individual does not actually participate in or supervise the corporation's fiscal operations, if his or her position is one that would ordinarily be responsible for such duties, then the officer, owner, or employee may be found to be responsible to the state." *Fioretto*, 2015 Ohio Tax LEXIS 2799, citing *Spithogianis*, 53 Ohio St.3d 55; *McGlothin*, 57 Ohio St.3d 72. In short, a responsible party may not simply delegate away his or her responsibilities in order to escape liability. *Spithogianis* at 57; *see also McGlothin* (finding that principal shareholder who was absent 95 percent of the time and had delegated financial duties to others was nonetheless liable as a responsible party).

---

[1] As discussed under Biskind's second assignment of error, pursuant to these code sections, Biskind is deemed an "officer" because he holds an ownership interest in BCC.

{¶ 15} Accordingly, Biskind's first assignment of error is overruled.

## C. Assignment of Error Number Two

{¶ 16} In his second assignment of error, Biskind asserts the BTA's decisions finding that he is a responsible party of BCC for sales tax and withholding tax is unreasonable and unlawful because those decisions are not supported by the facts and evidence presented. This assignment of error is meritless.

{¶ 17} The statutory authority for imposing personal responsibility for unpaid sales tax is set forth in R.C. 5739.33, which provides in relevant part as follows:

> If any corporation, limited liability company, or business trust required to file returns and to remit tax due to the state under this chapter * * * fails for any reason to make the filing or payment, any of its employees having control or supervision of or charged with the responsibility of filing returns and making payments, or any of its officers, members, managers, or trustees who are responsible for the execution of the corporation's, limited liability company's, or business trust's fiscal responsibilities, shall be personally liable for the failure. * * * The sum due for the liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code.

{¶ 18} Guidance as to whether someone is a responsible party within the meaning of R.C. 5739.33 is provided by Ohio Adm.Code 5703-9-49, which sets forth, in pertinent part, as follows:

> (A) As used in this rule and in sections 5739.33 and 5741.25 of the Revised Code:
>
> (1) "Officer" or "corporate officer" means the president, vice-president, treasurer, secretary, or chief executive officer of a corporation, or any person holding a similar title or position in a corporation, limited liability company, or business trust. Any person who holds an ownership interest in a corporation or limited liability company or a beneficial interest in a business trust and performs any of the functions specified in paragraphs (C) to (G) of this rule shall be deemed an officer.
>
> * * *
>
> (C) An officer or trustee is personally liable for the sales tax, direct pay, or seller's use tax liability of a corporation, limited liability company, or business trust if the officer or trustee was responsible for the execution of that entity's fiscal

responsibilities on the date on which the return for the period is filed or is required to be filed, whichever is earlier. A person has demonstrated such responsibility if any of the following apply:

(1) The officer or trustee signs any sales tax, direct pay, or seller's use tax return required under Chapter 5739. or 5741. of the Revised Code or prepares and submits without signing any such return;

(2) The officer or trustee signs or prepares and submits without signing any other tax returns required by the laws of this state or any of its subdivisions or the Internal Revenue Code of the United States unless the officer or trustee can provide sufficient evidence to establish that the entity divided the responsibility for filing of tax returns in such a manner that the responsibility for filing sales tax, direct pay, or seller's use tax returns required by Chapter 5739. or 5741. of the Revised Code was assigned explicitly to another officer or trustee;

*(3) The officer or trustee exercises management control or authority over employees whose duties include the preparation, signing, or filing of returns described in paragraph (C)(1) or (C)(2) of this rule;*

*(4) The officer or trustee retains, directs or otherwise exercises control over outside accountants, bookkeepers, or other persons who are charged with filing sales tax, direct pay, or seller's use tax returns required under Chapter 5739. or 5741. of the Revised Code on behalf of the entity;*

(5) The officer or trustee exercises authority to sign checks or authorizes the use of his signature stamp or facsimile to sign checks, drawn on the entity's accounts, in payment of tax liabilities;

(6) The officer or trustee determines priorities by which the entity's creditors are paid instead of the state. A payment to a creditor in the form of an in-kind distribution of entity assets is a payment for purposes of this paragraph;

(7) The officer or trustee uses or manages sales or seller's use taxes paid by consumers to the entity as required by division (A) of section 5739.02 or 5741.02 of the Revised Code and held by the entity in trust for the benefit of the state;

(8) The officer or trustee instructs any employee of the entity to use or manage sales or seller's use taxes paid by consumers to

the entity as required by division (A) of section 5739.02 or 5741.02 of the Revised Code and held by the entity in trust for the benefit of the state; or

(9) The officer or trustee performs any other function which would indicate control over the fiscal operations of the entity.

* * *

(F) *If the officers* of a corporation or limited liability company *own, either collectively or individually, more than fifty per cent of the ownership interest in the entity*, the shareholder/officers are responsible for the execution of the fiscal responsibility of the entity and personally liable under section 5739.33 or 5741.25 of the Revised Code, *regardless of any attempt to delegate such responsibility*, if one or more of the following apply:

(1) The entity filed sales tax, direct pay, or seller's use tax returns required under Chapter 5739. or 5741. of the Revised Code showing the liability without submitting payment;

(2) The entity failed to file sales tax, direct pay, or seller's use tax returns required under Chapter 5739. or 5741. of the Revised Code;

(3) The records of the entity or other evidence indicates that the entity collected the sales or seller's use tax required under Chapter 5739. or 5741. of the Revised Code; or

(4) The owner/officer of the entity actually controlled or supervised the preparation and submission of sales tax, direct pay, or seller's use tax returns required under Chapter 5739. or 5741. of the Revised Code.

(Emphasis supplied.)

{¶ 19} As for unpaid withholding tax, the statutory authority for imposing personal responsibility is set forth in R.C. 5747.07(G), which provides in relevant part as follows:

(G) An employee of a corporation, limited liability company, or business trust having control or supervision of or charged with the responsibility of filing the report and making payment, or an officer, member, manager, or trustee of a corporation, limited liability company, or business trust who is responsible for the execution of the corporation's, limited liability company's, or business trust's fiscal responsibilities, shall be

personally liable for failure to file the report or pay the tax due as required by this section.

{¶ 20} Guidance as to whether someone is a responsible party for purposes of R.C. 5747.07(G) is provided by Ohio Adm.Code 5703-7-15, which sets forth, in pertinent part, as follows:

> **(B) (1)** Pursuant to section 5747.453 of the Revised Code, a person is personally liable for a qualifying entity's responsibility to file returns and make payments required under sections 5747.40 to 5747.453 of the Revised Code, if either:
>
> (a) The person is an employee of, investor in, or beneficiary of the qualifying entity with control or supervision over, or charged with the responsibility of, filing the required returns or making the required payments; or
>
> **(b) The person is an officer, member, manager, or trustee of the qualifying entity responsible for the execution of the qualifying entity's fiscal responsibilities.**
>
> **(C)** For the purposes of this rule and sections 5747.07 and 5747.453 of the Revised Code:
>
> * * *
>
> **(2) A person has "control or supervision" over filing the required returns and making the required payments if either:**
>
> **(a) The person directly or indirectly supervises or manages any person described in paragraph (C)(3) of this rule; or**
>
> **(b) The person has direct or indirect authority over any person described in paragraph (C)(3) of this rule**.

(Emphasis supplied.)

{¶ 21} In this case, the evidence adduced at the BTA hearing readily shows that pursuant to R.C. 5739.33, as amplified by Ohio Adm.Code 5703-9-49(A) and (C), Biskind is clearly a responsible party for purposes of unpaid sales tax. First, under Ohio Adm.Code 5703-9-49(A)(1), he is deemed an officer because he holds an ownership interest in BCC.

Second, the evidence shows that under Ohio Adm.Code 5703-9-49(C), Biskind's functions fit at least two of the nine functions set forth, to wit:

> (3) The officer or trustee exercises management control or authority over employees whose duties include the preparation, signing, or filing of returns described in paragraph (C)(1) or (C)(2) of this rule;
>
> (4) The officer or trustee retains, directs or otherwise exercises control over outside accountants, bookkeepers, or other persons who are charged with filing sales tax, direct pay, or seller's use tax returns required under Chapter 5739. or 5741. of the Revised Code on behalf of the entity.

{¶ 22} The evidence adduced at the hearing shows that Biskind hired Lynda and Derek Yanks and required that they send to him financial reports on the fiscal condition of BCC. Further, when he did not receive the financial reports from the Yanks as required, he retained outside accountants and consultants to review the fiscal condition of BCC. He conceded he was the sole owner of BCC and the evidence showed he retained oversight over the fiscal activities of the business. Thus, Biskind's activities and functions readily satisfy Ohio Adm.Code 5703-9-49(C)(3) and (4).

{¶ 23} Furthermore, pursuant to Ohio Adm.Code 5703-9-49(F), despite Biskind's delegation of the accounting duties, he is nonetheless a responsible party for the unpaid sales tax. It is undisputed that Biskind is more than a 50 percent owner of BCC. Further, the evidence readily shows that Biskind's activities in exercising control over BCC's fiscal affairs during the audit period that gave rise to the sales tax liability[2] satisfies Ohio Adm.Code 5703-9-49(F)(4). Therefore, the BTA's decision finding that Biskind is a responsible party of BCC for unpaid sales tax is reasonable and lawful because the decision is fully supported by the facts and evidence presented at the hearing.

{¶ 24} Similarly, Biskind's protestations to the contrary, he is clearly a responsible party for the unpaid withholding tax under R.C. 5747.07(G), Ohio Adm.Code 5703-7-15(B)(1)(b), and 5703-7-15(C)(2), as set forth above. This is so because, as previously discussed and as the BTA found, factual evidence was presented that Biskind required that financial reports reflecting the condition of BCC be sent to him regularly, and he hired

---

[2] The relevant time period of the audit was July through September, 2016.

Hurst to investigate the fiscal condition of BCC and report back to him. These facts satisfy Ohio Adm.Code 5703-7-15(B)(1)(b).

{¶ 25} Additionally, pursuant to Ohio Adm.Code 5703-7-15(C)(2), as previously discussed, the evidence shows that Biskind had control and/or supervision over BCC's withholding tax filings and payments because he had direct or indirect authority over the persons charged with doing the actual filing of the returns, i.e., Lynda and Derek Yanks. Therefore, the BTA's decision finding that Biskind is a responsible party of BCC for unpaid withholding tax is reasonable and lawful because the decision is fully supported by the facts and evidence presented at the hearing.

{¶ 26} In sum, the BTA's decisions finding that Biskind is a responsible party of BCC for unpaid sales tax and unpaid withholding tax is reasonable and lawful because those decisions are fully supported by the facts and evidence presented at the hearing.

{¶ 27} Accordingly, Biskind's second assignment of error is overruled.

**IV. Disposition**

{¶ 28} Having overruled Biskind's first and second assignments of error, we affirm the decisions and orders of the BTA.

*Decisions and orders affirmed.*

MENTEL, P.J., and JAMISON, J., concur.

————————